# Duffy v. York Haven Water and Power Co., Appellant.

*Water companies—Obstructions in rivers—Flooding lands—Damages—Evidence—Competency of witnesses—Cross-examination—Best evidence—Charge to jury—Separate findings—Damages for delay in payment.*

1. In an action to recover damages for the loss of buildings, crops, etc., destroyed by a flood, admittedly caused by the placing of obstructions in a river by defendant water company, the admission in evidence of testimony of plaintiffs' manager as to the value of certain buildings and tobacco destroyed was not error, where his competency was not made the subject of preliminary inquiry, and it appeared that during the five years in which he had been in the plaintiffs' employ, he had rebuilt and repaired the entire set of buildings on these very farms and similar buildings on other farms, that he had been for years engaged in the business of raising and selling tobacco, and that he was a man of experience in general business affairs. The extent of the cross-examination of such witness for the purpose of testing his credibility was held to be within the discretion of the trial judge.

2. It was not to be assumed, in such case, that the tenant who had been in actual occupancy of the farm at the time when the flood occurred, was more familiar with the value of the property destroyed than the manager, and it was not the duty of the court to charge the jury that if they believed that plaintiffs could have furnished better evidence as to the amount of the loss than the testimony of the manager it might be presumed that if such evidence had been given it would have laid open deficiencies and objections which the more obscure and uncertain testimony was intended to conceal, especially when defendants made such tenant their own witness and examined him fully on those subjects in which plaintiffs' manager had been interrogated. It is only when a party fails to call an available witness having peculiar knowledge concerning facts essential to the case, and relies instead upon the testimony of witnesses less familiar with the matter, that an inference may be drawn that the witness rejected would not sustain the contention made.

3. In such a case where plaintiffs' manager testified as to the actual value of certain buildings destroyed, the fact that the court in its charge said that such witness had testified as "to the actual value" of these buildings, affords no ground for the contention

that the instructions left the jury without freedom to find that the buildings were of less value if they might so conclude.

4. The right of the plaintiffs in such a case to recover for the tobacco destroyed was not affected by the fact that a third party was interested in the tobacco to the extent that he was entitled to share in the profits of the crop.

5. No abuse of discretion was committed by the trial judge in such a case in refusing to direct the jury to return separate findings as to each item of loss for which plaintiffs claimed, as it appeared that there were twenty such items, and the jury was expressly permitted to return separate findings if it should see fit.

6. In such a case it was proper to allow the jury to compensate plaintiffs for delay in payment, though the verdict was for but half the plaintiffs' demand, where it did not appear that there was no evidence which would have justified a verdict for the full amount of the plaintiffs' claim. The mere fact that the verdict was so much below the demand would not of itself warrant a final conclusion that plaintiffs' claim was so excessive or unconscionable as to warrant the defendants in withholding payment for the injury it had inflicted.

Argued May 26, 1913. Appeal, No. 4, May T., 1913, by defendant, from judgment of C. P. Dauphin Co., March T., 1906, No. 161, on verdict for plaintiffs in case of James Duffy, Donald C. Duffy and Mary Agnes Duffy v. York Haven Water and Power Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for injuries caused by floods, due to the placing of obstructions in a river. Before LITTLE, P. J., specially presiding.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $11,910.00, and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings of the trial judge and various instructions to the jury.

*Reynolds D. Brown,* with him *Charles L. Bailey, Jr.,* and *Malcolm Lloyd, Jr.,* for appellant.

*John R. Geyer,* of *Fox & Geyer,* with him *John E. Malone* and *Bernard J. Myers,* for appellees.

OPINION BY MR. JUSTICE STEWART, June 27, 1913:

The plaintiffs are the owners of an island in the Susquehanna river known as Duffy's Island, containing approximately four hundred acres. The defendant company owns and operates a water power plant below this island on the west or York County side of the river. As an adjunct to this plant the defendant company erected and maintained a dam, with sea wall and crib extending out into the river. These latter created an obstruction in the river which caused a change in the normal currents of the river above plaintiffs' island. In March, 1904, at a time when high water prevailed and ice gorges were frequent, because of this change in the river currents resulting from the obstruction placed in the river by the defendant company, the plaintiffs' island was not only flooded but was swept by currents which carried away to destruction buildings, crops, fences and much moveable property. The present action in trespass was for the recovery of damages, and resulted in a verdict for $11,910.00. The appeal raises no question as to the defendant's liability for whatever damage resulted to the plaintiffs; what is complained of is mistaken rulings by the court, in consequence of which, it is claimed, an excessive verdict was rendered. This makes unnecessary a fuller recital of the main facts than we have given above. The assignments of error are directed mainly to the rulings of the court with respect to the testimony of Rich, who was the agent and manager of plaintiffs' property on the island. He was the only witness called by plaintiffs to establish the amount of the damages sustained. The first four assignments challenge the competency of the witness on the ground that he had not shown such familiarity with values attaching to such articles as were lost as qualified him. The testimony in chief of this witness relating

to property destroyed and damaged by the flood, the value of the articles destroyed, and the cost of restoring what was damaged, covers more than twenty pages. Not only was the competency of the witness not made a preliminary question, but no objection was made to his being inquired of with respect to the value of anything contained in plaintiffs' claim as filed except the value of certain wooden buildings and certain other structures which had been carried away, the cost of repairing others which had been damaged, and the cost of replacing destroyed fences. His testimony with respect to the character of the buildings destroyed or injured, the extent of the fences, the amount and value of the crops, including the tobacco,—a principal item destroyed,—was elicited in course of his examination in chief without objection, and, we may add, showed great familiarity with the details of each item of loss. When it is recalled that this man whose competency to give an estimate of the loss to the plaintiffs in the particulars mentioned was challenged, had been managing the farms upon the island for the plaintiffs for five years previous to the injury complained of, that as such manager he had rebuilt and repaired the entire set of buildings on these very farms, that he was a farmer himself and had built an entire new set of buildings, including tobacco sheds such as were here destroyed on his own farm and upon other farms as well, that he had been for years engaged in the business of raising and selling tobacco, that he was a man of experience in general business affairs, his competency becomes so apparent that discussion of the assignments challenging it would be wasted effort.

Assignments five, six and seven complain that the cross-examination of the witness Rich was unduly narrowed by the court by restricting the inquiry as to the returns from the island farms to the four years preceding the flood. The whole purpose of any inquiry as to the returns from the farms during previous years, with this witness upon the stand, was to test his credi-

bility. The trial judge in the exercise of the discretion rightly his, was of opinion that the examination had proceeded far enough for all proper purposes, and halted it when he thought it exceeded due limits. We fail to see how defendant was in any way prejudiced, much less do we see any error in the ruling.

The tenth assignment is based on a misconception of what is known as "the best evidence" rule. Plaintiffs chose to rest their case as to the amount of damage sustained on the testimony of Rich. The tenant in the immediate occupancy of the farms when the flood occurred was John Bruaw. He was present at the trial, but was not called by the plaintiffs. James Duffy, one of the plaintiffs, was called as a witness, but was not interrogated as to those matters to which Rich's testimony was chiefly directed. It was in view of this situation that defendant submitted the following request for instructions:

"11. It is the duty of the plaintiffs, on the question of measure of damages, to furnish the jury with the best evidence of which the particular claim is susceptible. If the jury believe that the plaintiffs could have furnished better evidence than that of the witness Rich, both with respect to the amount of the property destroyed, as well as the value of the same, it may be presumed that if the better evidence within their control had been given, it would have laid open deficiencies and objections which the more obscure and uncertain testimony was intended to conceal."

What reason can there be for supposing that the tenant Bruaw had any more definite knowledge of what property was lost and damaged than Rich, the manager? What reason can there be for supposing that the former's opinion as to the value of the property destroyed, and the cost of repairing that injury, was a safer guide than that of the latter? Apart from this, so far as concerns Bruaw, the defendant made him its own witness, examined him fully on those subjects about which Rich

had been interrogated, so that there was no room left for presuming anything with respect to his testimony, and the point submitted was therefore without application. In declining to call him, plaintiffs could not have had the suppression of his testimony in view; they simply declined to accredit him by making him their witness, leaving it to the defendant to call him if he chose. So with respect to Duffy, one of the plaintiffs. He was present in court, but there is nothing in the evidence to show the extent of his knowledge. It was the privilege of the defendant if it supposed his testimony would avail it in any particular, to fully elicit it by calling him as for cross examination. It is only where a party fails to call an available witness having peculiar knowledge concerning facts essential to his case, and relies instead upon the testimony of witnesses less familiar with the matter, that an inference may be drawn that the witness rejected would not sustain the contention made. Certainly the rule has no application where as here testimony of the witness was mainly if not entirely to matters resting in opinion, and not relating to facts essential to the case. The inapplicability of the rule is made still more apparent by the fact that defendant gave the jury the benefit of the testimony that plaintiffs rejected. That the jury did not agree with appellant that this was the best evidence is evident from the fact that they too in large measure rejected it, as appears from their verdict. This assignment is without merit.

Assignments eight, nine and ten complain of so much of the charge of the court as relates to the testimony of Rich with respect to matters about which he was not contradicted in the slightest degree. The witness had given his opinion as to the state of repair and the value of certain specified buildings at the time they were injured or destroyed. The defendant called no witness to express any different opinion with respect to their value. All the court said on the subject was that Rich

had testified "to the actual value" of these buildings. This affords no ground for the contention made that the instructions left the jury without freedom to find that the buildings were of less value if they might so conclude.

The plaintiffs' ownership of certain tobacco destroyed and their rights to recover therefor, was not in any degree qualified by the fact that another was interested in certain of the tobacco destroyed to the extent that he was enitled to share in the profits of the crop. The evidence did not show any other or different interest, and special instructions in regard to it were not called for. The thirteenth assignment is accordingly dismissed.

In refusing to direct the jury to return separate findings to each item set out in plaintiffs' statement of claim, the court was denying the defendant nothing it had a right to claim. It was a matter resting wholly within the discretion of the trial judge. As the case was submitted there was nothing to prevent the jury from returning such findings with their verdict if they saw fit, and this method of reaching their final award—the separate consideration of each particular item and the assessment of damages in connection therewith—was commended, if not enjoined. A verdict in the form asked for in the point submitted would have required more than twenty separate special findings. The case called for no such exceptional practice. The twelfth assignment relates to the refusal of the request, and for the reason stated it is dismissed.

The charge of the court with respect to the allowance of compensation for delay on part of defendant accorded exactly with settled rules. It follows precisely the line indicated in the recent case of Pierce v. Lehigh Valley Coal Co., 232 Pa. 170. True the verdict here was for about one-half of plaintiffs' demand. But it does not appear that there was not evidence in the case which would have supported a verdict for the full claim. The

mere fact that the verdict was so much below the demand will not of itself warrant a final conclusion that plaintiffs' claim was so excessive and unconscionable as to warrant the defendant in withholding payment for the injury it had inflicted.   In the case referred to the law is thus stated by our Brother MESTREZAT:

"The right to compensation for delay in the payment of damages arising out of a tort depends upon the circumstances of the case.   It is, therefore, usually a question for the jury under the evidence submitted.   If the fault in nonpayment of the claim rests with the defendant he cannot complain if he is required to compensate for the delay.   If, on the other hand, the fault lies with the plaintiff by reason of an excessive and unconscionable demand, one which the defendant is required to protect himself against litigation, he should not be penalized for the unwarranted conduct of the plaintiff and required to pay damages for the delay in the settlement of the claim.   The court should so instruct the jury."

This is just what the trial judge did in this case.   He submitted the question to the jury for their determination, because, with evidence in the case which would have supported a finding for the whole claim, it was not for him to pronounce the plaintiffs' claim excessive and unconscionable.   Besides, it does not appear whether in the verdict rendered compensation for delay of payment was included.   We cannot assume that it was. Had a specific finding on this particular question been asked for, it is not improbable that it would have been ordered, in view of the consideration given it upon the trial in connection with a point submitted by plaintiffs. While the matter of compensation for delay was perhaps included in defendant's request that the jury be required to find specially the defendant's different items of damage and the amount of each, no specific reference is made in the request to it, and it does not follow that because the point submitted by the defendant was refused by the

court, it would have declined a request for a special finding with respect to this one matter of contention. In our review of the case we are concerned only with the correctness of the instructions given the jury, and these, as we have said, we find to be in exact accord with established precedents with respect to this particular question.

The case on its facts presents certain peculiarities, but with these we have nothing to do. It was well and carefully tried and upon a careful consideration of all the assignments of error we discover nothing that calls for a reversal.

The judgment is affirmed.