## MIDLAND NATIONAL BANK OF MINNEAPOLIS *v.* DAKOTA LIFE INSURANCE COMPANY.

No. 425.   Argued April 12, 13, 1928.—Decided May 28, 1928.

*Mr. Sigurd Ueland,* with whom *Mr. Andreas Ueland* was on the brief, for petitioner.

*Mr. John B. Hanten* for respondent.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

The Midland National Bank of Minneapolis brought this action, in 1923, in a state court of Minnesota. It sought to recover on a policy of life insurance for $10,000 issued by the Dakota Life Insurance Company in the year 1920. The defendant, a South Dakota corporation, removed the cause to the federal court. There the case was tried before a jury. It was alleged and proved that the policy had been issued in North Dakota on the life of Oscar Mosher, payable to his estate; that it was assigned to the plaintiff in 1923 in North Dakota by Mosher and one Jacobson, a prior assignee; that the assignment recited that it was given to secure payment to the Bank of the sum of $10,000 according to the tenor and conditions of two promissory notes; that two demand notes for $5,000 each, signed by Mosher, had been given to the Bank by Jacobson as collateral for the latter's indebtedness to it in a larger amount; that the assignment bearing the approval of the Company was delivered to the Bank about the same time that it received the collateral notes; that of these notes the Bank became the absolute owner by foreclosure; that no part of them had been paid; that Mosher died soon after giving the notes, while the policy was in force; and that proofs of death had been duly furnished before this action was begun.

The answer to the amended complaint alleged, among other things, that the policy had been obtained from the

Company through a fraudulent conspiracy entered into by Mosher, Jacobson and the Dazey State Bank, of which the latter was president; that the two collateral notes were obtained from Mosher by fraud and without consideration; and that the Company when it approved the assignment to the plaintiff was unaware of these facts. On the plaintiff's motion the court struck out the paragraphs of the answer alleging that the policy had been procured by fraud, on the ground that under the statutes of North Dakota the policy had become incontestable; and it struck out also certain other paragraphs making "allegations in reference to equities of third parties in connection with the assignments of the policy in suit." The Company then filed an amended answer. This answer again set up the alleged invalidity of the assignments, the fraud on Mosher in obtaining the notes, and the want of consideration for the latter. It also alleged that in proceedings instituted by the Company in North Dakota the policy had been cancelled. Evidence in support of the latter allegation was excluded at the trial, on the ground that the Bank had not been brought within the jurisdiction of the North Dakota court. The Company then made an offer of proof in support of its allegation that the notes and the assignment had been obtained by Jacobson from Mosher by trickery and without consideration. On the Bank's objection all this evidence was excluded.

At the close of the evidence each party asked for a directed verdict. On admissions contained in the pleadings and on the evidence, the trial court found that the notes were taken by the Bank as security for a pre-existing debt, and held that, since under the law of North Dakota and of Minnesota a pre-existing debt constitutes value, the plaintiff was a holder for value of the notes and was entitled to recover on the policy assigned to secure their payment; and it assessed the damages for the full amount

claimed, that is, $10,000 (less an unpaid instalment of premium) and interest. The Circuit Court of Appeals held that the several offers of proof were properly rejected; and that the Bank was entitled to recover on the policy. But it reversed the judgment and remanded the case on the ground that, when issued, the policy was a wagering contract except to the extent that it was reasonably required as security for a debt which it assumed that Mosher owed, in the amount of $5,686.08, at the time of the issue of the policy, to the local bank of which Jacobson was president. It said: " So we conclude on the facts stated that the policy was a good and valid contract to the extent of Mosher's indebtedness to the Dazey State Bank on May 14, 1920, and that the court erred in excluding the tendered proof. If the tender should be made good and the case does not present a materially different aspect from the record before us, plaintiff should have judgment for that amount with interest from the service of summons." 18 F. (2d) 903, 905. This Court granted a writ of certiorari. 275 U. S. 515.

The action of the Court of Appeals was unjustified on the record before it. While the original answer had alleged that the policy was taken out with a view to its assignment to the Dazey State Bank and was so assigned some two months after its issue, these allegations were struck out by order of the court, to which the defendant took no exception. We may assume, though we do not so decide, that the defense of a want of insurable interest and the consequent illegality of the insurance contract, is one that may be raised by the court though not properly pleaded. See *Coppell* v. *Hall,* 7 Wall. 542, 558; *Oscanyan* v. *Arms Co.,* 103 U. S. 261, 267; *Higgins* v. *McCrea,* 116 U. S. 671, 685. But here there is nothing, either in the admitted facts, or in the evidence received, or in that offered and excluded, which tends to show such illegality.

The policy was taken out by the insured and was payable to his estate. It is true that the amended answer alleged that all the premiums were paid by the Dazey State Bank, but this was denied on information and belief in the reply, and no evidence was produced in its support. None of the evidence received or excluded had any bearing upon the circumstances under which the policy was issued. Whether if such evidence had been offered, it should have been excluded because of the provisions of the North Dakota statutes making policies incontestable after two years, or for other reasons, compare *Finnie* v. *Walker,* 257 Fed. 698, we have no occasion to consider. Plainly the assignment of the policy later would not render it void, whatever the lack of insurable interest on the part of the assignee. *Grigsby* v. *Russell,* 222 U. S. 149. The judgment of the Circuit Court of Appeals is reversed with direction that the judgment of the District Court be affirmed.

*Reversed.*