## RUHLIN et al. v. NEW YORK LIFE INS. CO.
### No. 5939.

Circuit Court of Appeals, Third Circuit.

Sept. 27, 1937.

Margiotti, Pugliese, Evans & Reid, S. C. Pugliese, and John E. Evans, Sr., all of Pittsburgh, for appellants.

Wm. H. Eckert, and Smith, Buchanan, Scott & Gordon, all of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

This case is before us on reargument.

This is a suit by the appellee to rescind the double indemnity and disability provisions in certain policies of life insurance issued by it to John G. Ruhlin, one of the appellants, because of fraud alleged to have been practiced by him in procuring the insurance, and to enjoin him from prosecuting a suit previously commenced by him in a state court to collect the disability benefits.

The questions in issue are whether or not the company is barred from rescinding these provisions because of the "incontestability" clause contained in each of the policies, and whether or not the insured should be enjoined from prosecuting the suit in the state court. This clause reads as follows: "This policy shall be incontestable after two years from its date of issue except for the non-payment of premiums, and except as to provisions and conditions relating to Disability and Double Indemnity Benefits."

In our former opinion, filed October 6, 1936, disposing of this case, and also the case of Gatti v. New York Life Insurance Company,[1] which involved the same questions as are here in issue, we held that the company was not barred by the incontestability clause from rescinding the disability and double indemnity provisions, though the action was commenced more than two years after the policy was issued, and that the District Court erred in enjoining the prosecution of the suit in the state court.

In the recent decision in the case of Stroehmann et al. v. Mutual Life Ins. Co.

---

[1] Appeal dismissed. Opinion of Oct. 6, 1936, withdrawn.

of New York, 300 U.S. 435, 57 S.Ct. 607, 609, 81 L.Ed. 732, the Supreme Court held that the incontestability clause there involved did bar an action to rescind the double indemnity and disability provisions after the period of contestability had passed because it was ambiguous. The clause in that case read as follows: "Incontestability.—Except for non-payment of premiums and except for the restrictions and provisions applying to the Double Indemnity and Disability Benefits as provided in Sections 1 and 3 respectively, this Policy shall be incontestable after one year from its date of issue unless the Insured dies in such year, in which event it shall be incontestable after two years from its date of issue."

In its opinion the Supreme Court said:

"The Circuit Court of Appeals followed its earlier opinion in New York Life Ins. Co. v. Gatti (Oct. 6, 1936),[1] where the company employed different language. Certain life companies undertake to make exceptions to the incontestability clause by words more precise than those now under consideration, and opinions in cases arising upon their policies must be appraised accordingly.

"Without difficulty respondent could have expressed in plain words the exception for which it now contends. It has failed, we think, so to do. And applying the settled rule, the insured is entitled to the benefit of the resulting doubt."

■ The "language" employed in the incontestability clause here involved is the same as that used in the Gatti Case, but, as the Supreme Court pointed out, differs from that used in the Stroehmann Case. The language used in the clause here in question is "more precise" than that employed in the Stroehmann Case, and "expressed in plain words the exception for which" the company now contends. Furthermore, both the Court of Appeals of New York and the Supreme Court of Pennsylvania have held that the incontestability clause here involved clearly excepts the double indemnity and disability provisions from its operation. Steinberg v. New York Life Ins. Co., 263 N.Y. 45, 188 N.E. 152, 90 A.L.R. 642; Manhattan Life Insurance Co. v. Schwartz, 274 N.Y. 374, 9 N.E.2d 16; Guise v. New York Life Ins. Co., 127 Pa.Super. 127, 191 A. 626. We have read the recent opinion of the Supreme Court of California in the case of

Coodley v. New York Life Insurance Co., 70 P.2d 602, and the opinion of Judge Coughlin in the case of New York Life Insurance Co. v. Thomas, 27 Pa.Dist. & Co.R. 215, but are not persuaded that the learned District Judge erred. Since the company is domiciled in New York and the insured lives in Pennsylvania, and "all that is here for our consideration is the meaning, the tacit implications, of a particular set of words," "for the sake of harmony and to avoid confusion" we shall follow the decision of those courts and hold that the insurance company is not barred by the incontestability clause from rescinding the double indemnity and disability provisions. Mutual Life Ins. Co. v. Johnson, 293 U.S. 540, 55 S.Ct. 86, 79 L.Ed. 646; Trainor Co. v. Ætna Casualty & Surety Company, 290 U.S. 47, 54, 54 S.Ct. 1, 2, 78 L.Ed. 162.

The second question raised is whether or not the company was entitled to an order restraining the insured from further prosecuting his action in the state court to collect disability benefits.

The company contends that its remedy at law is inadequate, and that the insured should therefore be enjoined from further prosecuting his suit in the state court, for the reasons that the insured could discontinue his action at law at any time, and refuse to bring another action on the policy until all opportunity to prove fraud against him had gone; that the suit in the state court might possibly end in a general verdict in its favor, which would not settle the issue of fraud for such verdict might be based alone on the issue of disability; and that even if the issue of fraud were decided in its favor, that would not bind the beneficiaries who are not parties to the action and might at some future time sue on the policies.

It is true that the company could defend at law in the state court on the ground of fraud (Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440; Adamos v. New York Life Ins. Co., 293 U.S. 386, 55 S.Ct. 315, 79 L.Ed. 444), but whether or not the trial judge would request the jury to return a special verdict on the issue of fraud is within his discretion (Duffy et al. v. York Haven Water & Power Co., 242 Pa. 146, 88 A. 935), and, if requested to return such verdict, the jury could and might refuse to do so (Culver et al. v. Lehigh Valley Transit Co., 322 Pa.

418

503, 186 A. 70). If, however, the judge and jury did as requested, that would not cancel the policy which the company seeks to do in the suit in equity.

██ When the remedy at law is not plain, adequate, and complete, an insurance company does not have to await the determination of the issue of fraud at law, but may proceed in equity for the cancellation of the policy. Where there is danger that witnesses may disappear, evidence be lost, or all the parties interested in the policy are not before the court in the suit at law, or where the adequacy of the remedy at law depends upon the will of the insured, or where the ends of justice will not be satisfied by a mere judgment for the defendant in the action at law, but would require some distinctively equitable relief, such as cancellation or reformation of the instrument sued upon, equity will enjoin the action at law and proceed to give full relief. American Life Insurance Co. v. Stewart, 300 U.S. 203, 57 S.Ct. 377, 81 L.Ed. 605, 111 A.L.R. 1268; Brown et al. v. Pacific Mutual Life Insurance Co., 62 F.2d 711; New York Life Insurance Co. v. Halpern, D.C., 47 F.2d 935; New York Life Insurance Co. v. Davis, D.C., 5 F.Supp. 316; Pomeroy on Equity Jurisprudence, 4th Ed., vol. 4, c. 1362. The case of American Life Insurance Co. v. Stewart, supra, disposes of practically every argument made in the case at bar, relating to the adequacy of the remedy at law, adversely to the contention of the appellants.

██ In the present case the remedy at law is inadequate for the insured might discontinue his suit in the state court, and, even if he did not, the beneficiaries, not being parties, would not be bound by any judgment there entered. In either case, before a new action was brought by the insured or before an action was brought to which the beneficiaries could be made parties, the insurance company's witnesses might die, disappear, or forget the facts relevant to the alleged fraud. Furthermore, a judgment in the state court would not effect a rescission of the provisions involved, and this affirmative relief is the object of the company's suit in equity.

It follows that the decree of the District Court must be affirmed.