## NEW YORK LIFE INS. CO. v. DIZIK et al.
### No. 8285.

District Court, E. D. Michigan, S. D.
Sept. 17, 1940.

Armstrong, Weadock, Essery & Helm, of Detroit, Mich., for plaintiff.

William Henry Gallagher, of Detroit, Mich., for defendant.

MOINET, District Judge.

This court having considered the evidence introduced by the parties upon the issues presented, having examined the briefs of respective counsel upon the questions of law involved, was persuaded that the plaintiff had failed to establish its claims made in its bill of complaint herein and that plaintiff's proofs did not warrant the court in entering a decree of cancellation or rescission of the disability and double indemnity provisions of the policy in suit. The court therefore determined that plaintiff had not sustained the allegations in its bill of complaint and ordered that a decree be entered herein dismissing said bill; that findings of fact and conclusions of law were to be prepared and filed as soon as convenient. This memorandum opinion and order was entered herein July 7, 1939.

On August 24, 1939, before findings of fact and conclusions of law were prepared, plaintiff filed its motion herein to reopen said cause for the admission of newly discovered evidence. After hearing and argument of said motion this court granted same and such newly discovered evidence has been introduced in the cause and considered by the court, further argument had and additional briefs filed by counsel.

Upon consideration of the evidence in this case relating to the issues presented, the court makes the following findings of fact:

1. On December 14, 1925, defendant, George B. Dizik, signed a written application for a policy of life insurance from plaintiff, New York Life Insurance Company (No. 9326339), for the face amount of $15,000. On December 29, 1925, said applicant was examined by plaintiff's medical examiner, Dr. W. C. Martin, and signed Part II of said application, "Answers to the Medical Examiner" as follows:

| | "Yes" or "No" |
|---|---|
| " 7. B. Have you been under observation or treatment in any hospital, asylum or sanatarium? | No |
| " 8. Have you consulted a physician for or suffered from any ailment or disease of: | |
| A. The Brain or Nervous System? | No |
| B. The Heart, Blood Vessels or Lungs? | No |
| C. The Stomach, or Intestines, Liver, Kidneys or Bladder? | No |
| D. The Skin, Middle Ear, or Eyes? | No |
| " 9. Have you had Rheumatism, Gout or Syphilis? | No |
| "10. Have you consulted a physician for any ailment or disease not included in your above answers? | No |
| "11. What physician, or physicians, if any, not named above, have you consulted or been examined or treated by within the past five years?     (Ans.) | None |

2. Said application (Part II) also contained the following: "On behalf of myself and of every person who shall have or claim any interest in any insurance made hereunder, I declare that I have carefully read each and all of the above answers, that they are each written as made by me, and that each of them is full, complete and true, and agree that the Company believing them to be true shall rely and act upon them."

3. On January 4, 1926, said application, Part I and Part II, came to the attention and action of plaintiff's chief medical examiner, Dr. Robert A. Frazer, at its Home Office in New York, who approved the case in reliance upon the statements made by the applicant and upon the examination of said examiner, Dr. W. C. Martin. Said application was also passed upon by Louis A. Cooper, of plaintiff's Classification Committee, upon the questions of occupations and moral hazard, and relying upon the applicant's statement to the medical examiner he approved the issuance of a standard policy in the amount of $15,000 with disability and double indemnity benefits.

The policy was issued dated January 5, 1926, and delivered to defendant, George B. Dizik.

4. On October 9, 1937, defendant, George B. Dizik, made a claim for disability under the policy in suit. Upon the plaintiff's investigation of this claim it was first learned by plaintiff that defendant had suffered from tuberculosis, and had consulted with and had been treated by physicians therefor contrary to his statement in Part II of his application.

5. On November 29, 1937, the plaintiff wrote the defendant as follows:

"November 29, 1937
"Mr. George B. Dizik,
"1625 Lawrence Avenue
"Detroit, Michigan
"In re: Policy # 9 326 339—Your life.
"Dear Sir: New York Life Insurance Company hereby notifies you that it elects to and does hereby rescind the provisions contained in the above numbered policy for disability and double indemnity benefits because of your failure to disclose to it in your application for said policy the very material facts that prior to the date thereof you suffered from pulmonary tuberculosis and other ailments or diseases on account of which you consulted and were treated by physicians and the Company tenders to you, by its check to your order for $636.96 en-

876

closed herewith, return of the amounts received by it on account of the premiums paid on said policy for said benefits with interest thereon from the date of receipt to the date of this tender and the Company further offers to do whatever else, if anything, it ought to do for the purpose of such rescission.

"By reason of the rescission of said provisions for said benefits the quarterly premiums under the above numbered policy are reduced to $91.95. The policy may be forwarded to this office for appropriate endorsement.

> "Very truly yours,
> "New York Life Insurance Company
> "By William F. Rohlffs
> "Secretary."

On the same day plaintiff wrote Mrs. Florence Dizik, wife of George B. Dizik, the primary beneficiary under the policy in suit, as follows:

"November 29, 1937

"Mrs. Florence Dizik
"1625 Lawrence Avenue
"Detroit, Michigan
"In re: Policy # 9 326 339—George B. Dizik.
"Dear Madam:

"New York Life Insurance Company hereby notifies you that it has rescinded the provisions contained in the above numbered policy for disability and double indemnity benefits and is tendering to George B. Dizik, by its check to his order, return of the amounts received by it on account of the premiums paid for said benefits with interest thereon and the Company is offering and now here offers to do whatever else, if anything, it ought to do for the purpose of such rescission.

"By reason of the rescission of said provisions for said benefits the quarterly premiums under the above numbered policy are reduced to $91.95. The policy may be forwarded to this office for appropriate endorsement.

> "Very truly yours,
> "New York Life Insurance Company
> "By William F. Rohlffs
> "Secretary."

6. Defendant George B. Dizik, by his attorney, refused to accept said tendered check of $636.96 and demanded payment of the disability benefits under the policy. Thereafter and on January 12, 1938, plaintiff filed its bill of complaint herein praying among other things that the disability and double indemnity benefit provisions in the policy in suit be cancelled and excluded therefrom.

7. The evidence in the case conclusively establishes and the court finds that defendant George B. Dizik's medical history discloses that he has been afflicted with tuberculosis for several years.

While a patient in Cleveland Clinic Hospital, Cleveland, Ohio, in 1937, because of enlarged glands he stated giving his history to physicians there that he had had tuberculosis in 1915, with a flare up of that disease in 1922.

On June 29, 1921, he was paid by Inter-State Business Men's Accident Company, of Des Moines, Ia., in which Company he held a policy, the sum of $650 upon his claim for disability because of tuberculosis.

On February 17, 1921, he consulted with and was treated by Dr. Carl R. Howson, of Los Angeles, Cal., who diagnosed his ailment as chronic pulmonary tuberculosis. This treatment covered the period from February 17, 1921 to May 5, 1921; and from September 3, 1921 to April 12, 1922. In this period he consulted with this doctor with respect to his tuberculosis fifty-four times.

He was treated in a sanitorium or rest home for tubercular patients in Los Angeles in 1921.

He consulted with Drs. Wood and Browning, partners of Dr. Howson, at Los Angeles, in 1921-1922, 22 and 5 times respectively for tuberculosis.

From an examination made of George B. Dizik by Dr. Howson in April 1922, tuberculosis was still present. At this time he was not discharged as well but was to report to Dr. Hugo A. Freund, in Detroit. Dr. Freund had been consulted by George B. Dizik several times in 1920 and 1921. He directed the taking of an X-Ray of George B. Dizik's chest, which was taken October 5, 1920, by Doctors Evans and Reynolds of Detroit, which showed the presence of tuberculosis. Dr. Freund's examinations disclosed the presence of the disease.

8. It conclusively appears and the court finds that defendant George B. Dizik's answers to the medical examiner with particular reference to answers to questions 7. B., 8. B., 10, and 11, were not full, complete and true but were false, fraudulent and untrue.

9. Plaintiff's first knowledge that defendant George B. Dizik suffered from tuberculosis and that he consulted with and was treated by other physicians was on October 9, 1937, when said defendant made his claim for disability benefits. That after investigation of this claim by one of its inspectors and on November 29, 1937, plaintiff's secretary, by letter which defendant received, notified defendant that plaintiff elected to and did thereby rescind the provisions of defendant's policy relating to disability and double indemnity benefits assigning its reasons therefor, and tendering defendant check in the amount of $636.96, being the return of the amounts received by plaintiff for premiums paid on the policy for said benefits with interest from dates of receipt to date of tender. Defendant's attorney replied to such letter on December 6, 1937, and plaintiff's bill of complaint herein was filed January 12, 1938.

### Conclusions of Law.

The court, after hearing arguments of counsel for the respective parties and examination of their briefs upon the questions involved, makes the following conclusions of law:

1. *False Statements in Application.* The answers of defendant, George B. Dizik, to questions 7. B., 8. B., 10 and 11 of Part II of his said application constitute false statements therein materially affecting the acceptance of the risk and the hazard assumed by plaintiff insurer within the purview of the Michigan statute, Sec. 12444, 3 Compiled Laws 1929, and entitle plaintiff to rescind the policy contract in suit only as to the provisions and conditions relating to the disability and double indemnity benefits in defendant's said policy.

2. *Incontestability Clause.* The policy in suit contains the following incontestability clause: "Incontestability—This Policy shall be incontestable after two years from its date of issue except for non-payment of premium and except as to provisions and conditions relating to Disability and Double Indemnity Benefits."

The Michigan Statute (Sec. 12427, 3 Compiled Laws 1929, Ann.Stat. 24.263) provides: "Life insurance policy; mandatory provisions. * * * No policy of life insurance shall be issued in this state, unless the same shall contain the following provisions. * * * Third, A provision that the policy, together with the application therefor, a copy of which application shall be endorsed upon or attached to the policy and made a part thereof, shall constitute the entire contract between the parties and shall be incontestable after it shall have been in force during the life time of the insured for two (2) years from its date, except for non-payment of premiums and except for violations of the policy relating to naval and military services in time of war, and at the option of the company provisions relative to benefits in the event of total and permanent disability and provisions which grant additional insurance specifically against death by accident may also be excepted; * * *."

In construing this statute the Michigan Supreme Court says it "expresses public policy on the subject and, after the lapse of two years, contest is limited to the exceptions stated in the statute." Bogacki v. Great-West Life Assur. Co., 253 Mich. 253, 256, 260, 234 N.W. 865, 867; followed in Sun Life Assur. Co. v. Allen, 270 Mich. 272, 282, 259 N.W. 281.

The policy language is assailed by defendant's counsel as being ambiguous and the contention is made and their brief cites some authority to the effect that incontestability applies here to the disability and double indemnity clauses of the policy. No Michigan decision has been found on the question. However, our own Circuit Court of Appeals has construed the identical exceptions here invoked as being clearly unambiguous. Connecticut Gen. Life Ins. Co. v. McClellan, 6 Cir., 94 F.2d 445, 446. The Circuit Courts of Appeal for the 3rd Circuit (Ruhlin v. New York Life Ins. Co. 93 F.2d 416; Id., 106 F.2d 921); 4th Circuit (Equitable Assur. Soc. v. Deem, 91 F.2d 569); 8th Circuit (Terry v. New York Life Ins. Co., 104 F.2d 498); and the highest state courts of New York (Steinberg v. New York Life Ins. Co., 263 N.Y. 45, 188 N.E. 152, 90 A.L.R. 642, 643; Equitable Life Assur. Soc. v. Kushman, 276 N.Y. 178, 11 N.E.2d 719; Manhattan Life Ins. Co. v. Schwartz, 274 N.Y. 374, 379, 9 N.E.2d 16); Pennsylvania (Guise v. New York Life Ins. Co., 127 Pa.Super. 127, 191 A. 626); New York Life Ins. Co. v. Morris, D.C.W.D.Pa., 26 F.Supp. 604; W.Va. (New York Life Ins. Co. v. Bonasso, 121 W.Va. 143, 2 S.E.2d 260, 121 A.L.R. 1433, also have held the language to be unambiguous.

■ The court's conclusion is that the language of the incontestable clause here invoked is unambiguous and does not apply to the disability and double indemnity provisions of the policy.

■ 3. *Laches.* Plaintiff had a reasonable time after receiving knowledge of facts warranting rescission in which to exercise its election to do so. The court finds that the period from October 9, 1937, to November 29, 1937, was not an unreasonable length of time in which to consider and determine what action it would take and therefore plaintiff is not chargeable with laches. 32 C.J. p. 1266, § 470.

### Judgment.

The court directs that judgment be entered herein rescinding and cancelling the provisions of said policy No. 9—326—339 issued by plaintiff to defendant George B. Dizik relating to disability and double indemnity benefits; that said policy be delivered to plaintiff for proper endorsement thereon as to such rescission and cancellation of said provisions and after such endorsement said policy be returned to defendant George B. Dizik together with plaintiff's check of $636.96 heretofore tendered for premiums and interest paid on said policy for said benefits.

Plaintiff shall recover costs.