EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant, *v.* ALEXANDER KUSHMAN et al., Respondents.

Argued October 5, 1937; decided November 23, 1937.

*James D. Ewing* and *Peter C. Mann* for appellant. The complaint states causes of action in equity. (*Manhattan Life Ins. Co.* v. *Schwartz*, 274 N. Y. 374; *Guardian Life Ins. Co.* v. *Katz*, 243 App. Div. 11; 269 N. Y. 625; *Mutual Life Ins. Co.* v. *Union Trust Co.*, 244 App. Div. 764; *Connecticut Mutual Life Ins. Co.* v. *Hirsch*, 240 App. Div. 816; *Connecticut General* v. *Brandstein*, 233 App. Div. 723; *Weigel* v. *Cook*, 237 N. Y. 136; *Vail* v. *Reynolds*, 118 N. Y. 297; *Commercial Credit Corp.* v. *Third & Lafayette Sts. Garage, Inc.*, 226 App. Div. 235; *Silvestri* v. *Associated Gas & Electric Corp.*, 240 App. Div. 179; *Sager* v. *Friedman*, 270 N. Y. 472; *Wood* v. *Hill*, 214 App. Div. 417; *Clark* v. *Kirby*, 204 App. Div. 447; *Merry Realty Co.* v. *Shamokin & Hollis R. E. Co.*, 230 N. Y. 316; *Schank* v. *Schuchman*, 212 N. Y. 352; *Seneca Wire & Mfg. Co.* v. *Leach & Co.*, 247 N. Y. 1; *New York Life Ins. Co.* v. *Watkin*, 229 App. Div. 211; 256 N. Y. 618; *Travelers Ins. Co.* v. *Pomerantz*, 246 N. Y. 63; *Charlton* v. *Metropolitan Life Ins. Co.*, 202 App. Div. 757; 234 N. Y. 639.) Equity alone can afford adequate relief under the circumstances presented. (*Manhattan Life Ins. Co.* v. *Schwartz*, 274 N. Y. 374; *Guardian Life Ins. Co.* v. *Katz*, 243 App. Div. 11; 269 N. Y. 625; *Apter* v. *Equitable Life Ins. Co.*, 271 N. Y. 653; *Prudential Ins. Co.* v. *Stone*, 270 N. Y. 154.) The disputed status of the disability and double indemnity provisions makes it appropriate for the court to exercise its power to declare the rights and legal relations of the parties even though further relief is claimed. (*Cohen* v. *N. Y. Mutual Life Ins. Co.*, 50 N. Y. 610; *Meyer* v. *Knickerbocker Life Ins. Co.*, 73 N. Y. 516; *Langan* v. *Supreme Council*, 174 N. Y. 266; *Ætna Life Ins. Co.* v. *Hayworth*, 300 U. S. 227.)

*Morris A. Marks* and *George E. Netter* for respondents. Having elected to rescind before bringing an action, plaintiff may sue at law to recover the money which it has paid. (*Weigel* v. *Cook,* 237 N. Y. 136; *Sager* v. *Friedman,* 270 N. Y. 472; *Commercial Credit Corp.* v. *Third & L. Sts. Garage,* 226 App. Div. 235; *Commercial Credit Corp.* v. *Wells,* 228 App. Div. 402; *Silvestri* v. *Associated Gas & E. Co.,* 240 App. Div. 179; *Schank* v. *Schuchman,* 212 N. Y. 352; *Seneca Wire & Mfg. Co.* v. *Leach & Co.,* 247 N. Y. 1; *Continental Casualty Co.* v. *Yerxa,* 16 Fed. Rep. [2d] 473.) There are no special circumstances here making equitable relief necessary. Plaintiff has an adequate remedy at law and, therefore, may not maintain this action in equity. (*American Life Ins. Co.* v. *Stewart,* 300 U. S. 203; *New York Life Ins. Co.* v. *Faillace,* 138 Misc. Rep. 182; 231 App. Div. 826; *New York Life Ins. Co.* v. *Truesdale,* 79 Fed. Rep. [2d] 481; *Stroehmann* v. *Mutual Life Ins. Co.,* 81 Law. Ed. 502; *Penn Mutual Life Ins. Co.* v. *McCarthy,* 245 App. Div. 784; *Greenberg* v. *Prudential Ins. Co.,* 246 App. Div. 727; *Phœnix Mut. Life Ins. Co.* v. *Bailey,* 13 Wall. 616; *Cable* v. *U. S. Life Ins. Co.,* 191 U. S. 288; *Globe Mutual Life Ins. Co.* v. *Reals,* 79 N. Y. 202; *Pacific Mut. Life Ins. Co.* v. *Parker,* 71 Fed. Rep. [2d] 872; *Pacific Mut. Life Ins. Co.* v. *Andrews,* 77 Fed. Rep. [2d] 692; *Nichols* v. *Pacific Mut. Life Ins. Co.,* 84 Fed. Rep. [2d] 896.)

HUBBS, J. The appellant issued two life insurance policies upon the life of the respondent Alexander Kushman. The respondent Esther Kushman is the beneficiary named in each policy. Each policy contained a disability and double indemnity provision.

The insured filed a claim with the appellant claiming to have become totally and permanently disabled. The claim was allowed and the company waived the payment of premiums and paid to the insured monthly the amount called for in the policies until it had paid $6,750. The complaint in this action alleges that appellant then dis-

covered that the policies were procured by fraud; that the insured made material false and fraudulent statements in his application for the policies, and that the company relied upon such statements in issuing the policies.

The complaint also alleges that the company tendered to the insured the amount of the premiums which he had paid and notified the insured that the disability and double indemnity provisions of the policies were null, void and of no effect and that it rescinded the double indemnity and total and permanent disability provision contained in the policies. The complaint demands judgment for $6,750, the amount paid to the insured and that the double indemnity and permanent disability provisions of the policies be decreed to be null and void. Each policy contained a one-year incontestability clause which applied to the life insurance feature of the policies. As more than one year had expired before the commencement of this action, no question is raised as to the binding effect of the life insurance provision of the policies. The incontestability clause does not apply to the disability and double indemnity clause of some policies. (*Manhattan Life Ins. Co.* v. *Schwartz*, 274 N. Y. 374; *Guardian Life Ins. Co.* v. *Katz*, 243 App. Div. 11; affd., 269 N. Y. 625; *Steinberg* v. *New York Life Ins. Co.*, 263 N. Y. 45.)

The policies here in question were not made a part of the record and no question was raised as to incontestability.

The complaint was dismissed by the Appellate Division upon the ground that it did not state a cause of action in equity as the plaintiff has a full and complete remedy in an action at law.

In at least two cases in this court a judgment canceling a disability and double indemnity clause of a policy in an action in equity on the ground that the policy was procured by fraud has been affirmed. It does not appear, however, that the point was made in either case that the plaintiff had a full and complete remedy at law. (*Manhattan Life Ins. Co.* v. *Schwartz, supra; Guardian Life Ins. Co.* v. *Katz, supra.*)

An action may be maintained in equity to cancel a life insurance policy which does not contain a disability and double indemnity provision, when the action is commenced before the incontestability clause has become effective. (*New York Life Ins. Co.* v. *Watkin,* 229 App. Div. 211; affd., 256 N. Y. 618; *Travelers Ins. Co.* v. *Pomerantz,* 246 N. Y. 63; *American Life Ins. Co.* v. *Stewart,* 300 U. S. 203.)

The decision in each of those cases was based upon the ground that the incontestability clause created an exceptional circumstance which necessitated the intervention of a court of equity as the plaintiff's rights might be jeopardized by the expiration of the period of contestability.

Black on Rescission and Cancellation (Vol. 3, p. 1569, § 652) states the general rule as follows:

" Before a loss occurs under a policy of insurance (life), the company which issued it has no adequate remedy at law for fraud, false representations, or concealments which procured its issuance, and therefore a court of equity has jurisdiction of a suit to compel the surrender and cancellation of the policy * * *.

" But after the death of the insured in a life policy, a court of equity should not take jurisdiction of a bill to secure the cancellation of the policy for fraud practised in procuring its issuance, because the company then has an adequate remedy at law, in that it may set up the fraud in defense to any action brought on the policy." (See, also, to the same effect, 6 Couch Cyclopedia of Insurance Law, § 1435.)

In the case at bar the company may be liable upon the outstanding executory contract for double indemnity in the event that the insured should die as the result of an accidental injury. It should not be compelled to wait until the insured may choose to bring an action for one or more monthly installments claimed to be due him or until the beneficiary shall bring an action under the double

indemnity provision before availing itself of the claim that the disability and double indemnity provision of the policies is void because of fraud in the inception of the policies. Parties to life and accident insurance policies should know definitely what their reciprocal rights and liabilities are. An insurer should not be helpless to compel an immediate determination of the question of its liability. It should not be compelled to set up a reserve against a contingent liability for which it contends it is not liable until such time as the insured or beneficiary may decide to bring an action.

It seems clear that appellant has not a clear and adequate remedy at law. Should it sue the insured in an action at law to recover $6,750, the amount paid to him under the disability provision of the policies, the respondent beneficiary named in the policies would not be a proper party to such a suit to recover money damages. Her interest in the policies is not a vested interest in the sense that her interest may not be divested. Nevertheless, she has property rights in the policies which make her a proper party to this action in equity. (*Prudential Ins. Co.* v. *Stone,* 270 N. Y. 154.)

It is desirable that her rights as well as those of the insurer and insured should be definitely determined in one action in which she may be at liberty to protect whatever rights she may have. The fact that the complaint alleges that plaintiff tendered to the insured the amount that he had paid as premiums and notified him that the plaintiff elected to rescind the policies does not constitute a rescission in the sense that plaintiff is thereby relegated to an action at law. (*Travelers Ins. Co.* v. *Pomerantz, supra.*)

In so far as being relieved from its obligations under the outstanding policies, the appellant could gain nothing by a declaration of rescission. In any event, the respondents have not changed their position in any way because of appellant's statement. (American Law Institute, Restatement of the Law of Contracts, vol. 2, § 381.)

This action is clearly an action in equity for rescission. The fact that the complaint also demands a judgment for the amount paid to the insured before the discovery of the fraud does not make the action one at law. Damages may be recovered as incident to an action in equity for a rescission. We have reached the conclusion that in the special circumstances disclosed in the record the complaint states a cause of action in equity for rescission.

The judgment of the Appellate Division should be reversed and the order of the Special Term affirmed, with costs in this court and in the Appellate Division.

CRANE, Ch. J., LEHMAN, O'BRIEN, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgment accordingly.