**CATANZARITTI et al. v. BIANCO.**

**No. 1338.**

District Court, M. D. Pennsylvania.

Nov. 28, 1938.

Ellsworth S. Keller, of Tunkhannock, Pa., and Gerald G. Dolphin and Robert E. Dolphin, both of Scranton, Pa., for plaintiffs.

Thomas F. Hanahue and R. L. Levy, both of Scranton, Pa., for defendant.

WATSON, District Judge.

This case is before the Court upon Defendant's motion to dismiss the action for the reasons that the Plaintiffs have a complete and adequate remedy at law, and that the amount in controversy is less than $3,000.

Although this action was begun as a suit in equity before the Rules of Civil Procedure were in effect, it must now be viewed as a civil action in which the Plaintiffs ask for remedies formerly obtainable only in a court of equity. Federal Rule 86, 28 U.S.C.A. following section 723c, provides that the Rules of Civil Procedure shall apply to all pending actions unless their applicability should not be possible or should work injustice. There is nothing in the present case which would bring it within the exceptions. There being no distinction under the present practice between actions at law and suits in equity, the question whether this action should have been brought originally at law no longer requires consideration. So also the question whether the Plaintiffs ask for the remedies to which they are entitled require no consideration. Federal Rule 54 (c), 28 U.S.C.A. following section 723c, provides that except as to default judgments, the Court shall grant the relief to which a party is entitled even if the party has not demanded such relief in his pleadings. The question is not whether the Plaintiff has asked for the proper remedy but whether under his pleadings he is entitled to any remedy.

Plaintiffs' pleading discloses that they are proceeding on two entirely different theories and the allegations in support of each are so interspersed as to make analysis virtually impossible. Certain of the allegations, if established, might support an action in the nature of ejectment for land owned by the Plaintiffs by virtue of a devise to them by their deceased guardian and wrongfully possessed by the Defendant. On the other hand, other allegations, if established, might support an action to impress property, belonging to the Defendant, with a trust in favor of the Plaintiffs by reason of the use of their money by the devisor, their deceased guardian in purchasing the property.

Under the present practice there is no objection to an action which proceeds on inconsistent theories entitling the Plaintiff to different remedies, depending on which theory is established. A party may set forth two or more statements of a claim alternately or hypothetically and may state as many separate claims as he has regardless of consistency and whether based on legal or on equitable grounds or on both (Federal Rule 8 (e), 28 U.S.C.A. following section 723c), and relief in the alternative or of several different types may be demanded. Federal Rule 8 (a). It is required, however, that pleadings shall be simple, concise, and direct. Federal Rule 8 (e) (1). Plaintiffs' pleading in the present case is neither simple, concise nor direct and, for that reason, it must be stricken off. It contains many allegations which are merely evidence of the essential facts; inconsistent allegations are not properly separated; the relief asked might be proper under one theory of the case but improper under the other and in many other respects it does not comply with the funda-

mental principles of good pleading. Opportunity will be given Plaintiffs to file a new statement of their case.

Having come to the foregoing conclusion, I do not deem it proper or necessary to pass on the question whether the jurisdictional amount of $3,000 is actually involved in the case. The solution of that question can be arrived at after Plaintiffs' amended complaint is filed, and will depend upon the allegations contained therein.

Plaintiffs' pleading designated "Bill in Equity" is stricken off; defendant's motion to dismiss the action filed July 22, 1938 is denied, without prejudice; and plaintiffs are allowed twenty days within which to serve an amended complaint.