WILLIAM STEINERT and JEROME STEINERT, as Executors, etc., of JOSEPH STEINERT, Deceased, Respondents, v. TITLE GUARANTEE AND TRUST COMPANY, Appellant.— Appeal by defendant from a judgment (a) rescinding the sale of a guaranteed bond and mortgage by defendant to plaintiffs' testator, and (b) adjudging that defendant pay plaintiffs the purchase price thereof and unpaid interest. Judgment reversed on the law, with costs, and complaint dismissed, with costs. There is no evidence from which it can be inferred that the testator relied upon any representation made by defendant and was induced thereby to purchase the bond and mortgage. It is essential in an action such as this that plaintiff establish those facts by a fair preponderance of evidence. (Jones v. Title Guarantee & Trust Co., 277 N. Y. 415, 419; Canadian Agency, Ltd., v. Assets R. Co., No. 1, 165 App. Div. 96, 101–102.) In the light of common knowledge, if any inference may be drawn from the fact of the purchase, it is that the testator relied entirely on the agreement of guarantee, made by another than defendant. Furthermore, tested by the allegations in the complaint, which determine the nature of an action ( Ketcham v. Wilbur, 218 App. Div. 350, 351; affd., 244 N. Y. 609; Hahl v. Sugo, 169 id. 109, 114), this action is one upon an executed rescission and not for rescission. (E. T. C. Corp. v. Title Guar. & Trust Co., 271 N. Y. 124, 127–128; Powell v. Linde Co., 49 App. Div. 286, 291.) It is, therefore, an action for money had and received, which is an action at law based upon equitable principles. (American Surety Co. v. Conner, 251 N. Y. 1, 11; Seneca Wire & Mfg.

*Co.* v. *Leach & Co., Inc.*, 247 id. 1, 5, 7; *Rothschild* v. *Mack*, 115 id. 1, 8; *Byxbie* v. *Wood*, 24 id. 607, 611–612; *Gould* v. *Cayuga Co. Nat. Bank*, 86 id. 75, 83; *Barizi* v. *Title Guarantee & Trust Co.*, 253 App. Div. 830.) The action was not commenced until about eleven years after the bond and mortgage were purchased. It is, therefore, barred by the six-year Statute of Limitations. (Civ. Prac. Act, § 48, subd. 1.) Hagarty, Johnston, Taylor and Close, JJ., concur; Lazansky, P. J., concurs in result.