AARON MORRIS and GEORGE STAMPER, as Assignees of NELLIE FLYNN, Individually and as Executrix of BERNARD FLYNN, Deceased, Respondents, v. HERMAN COHEN, Appellant.— Motion for leave to appeal to the Appellate Division granted. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

ROSALIE O'HALLORAN, Respondent, v. EARL R. CARLSON, Appellant, and Another, Defendant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Stay granted until the granting or final refusal by the Court of Appeals of leave to appeal. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ.

LOUIS H. PINK, Superintendent of Insurance of the State of New York, as Liquidator of WESTCHESTER TITLE & TRUST COMPANY and Others, Appellants, v. PERCY S. ALDEN and Others, Respondents.— Motion for leave to appeal to the Court of Appeals granted. [See ante, p. 564.] The following question is certified: Does the complaint state facts sufficient to constitute a cause of action? Present — Lazansky, P. J., Hagarty, Johnston and Adel, JJ.; Taylor, J., not voting.

RECTOR, CHURCHWARDENS AND VESTRYMEN OF THE CHURCH OF THE NATIVITY, an Incorporated Protestant Episcopal Church, and Others, Appellants, v. CARRIE O. FLEMING, as Surviving Executor of ANDREW FLEMING, Deceased, Respondent, and Another, Defendant.— Motion for reargument denied, without costs. Motion for leave to appeal to the Court of Appeals granted. [See ante, p. 930.] Present — Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ.

STANLEY SKIDMORE, Respondent, v. SOL. A. ROSENBLATT and ELIZABETH ROSENBLATT, Appellants.— Motion for leave to appeal to the Court of Appeals granted. [See 258 App. Div. 919.] Present — Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ.

NATHAN AGRESS, Respondent, v. HARMON NATIONAL REAL ESTATE CORPORATION, Appellant.— Order granting plaintiff's motion to strike out as insufficient in law the first partial defense contained in defendant's amended answer reversed on the law, with ten dollars costs and disbursements, and motion denied with ten dollars costs. In our opinion plaintiff's cause of action is for money had and received, based upon an executed rescission of certain contracts for fraud and, therefore, defendant is entitled to invoke the provisions of subdivision 1 of section 48 of the Civil Practice Act. (Cohen v. City Company of New York, 283 N. Y. 112; Steinert v. Title Guarantee and Trust Company, 258 App. Div. 927; affd., 283 N. Y. 636; Hamill v. Title Guarantee and Trust Company, 260 App. Div. 873.) Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

ABOU S. BAILIS and Others, Doing Business as BAILIS BROS., a Copartnership, Appellants, v. FRED SICKLES, as Treasurer of Local Union No. 23 of the International Union of United Brewery, Flour, Cereal and Soft Drink Workers of America, Respondent, and " JOHN DOE," as President of the International Union of United Brewery, Flour, Cereal and Soft Drink Workers of America, Defendant.— Appeal from an order granting respondent's motion for summary judgment under rule 113, Rules of Civil Practice, and from a judgment entered pursuant thereto, in an action for damages consequent upon alleged illegal picketing of the plaintiffs by the defendants. Order and judgment unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.