## UNION MUT. LIFE INS. CO. v. FRIEDMAN.

District Court, S. D. New York.
March 26, 1943.

Albert Hirst, of New York City, for plaintiff.

Goldstein & Jacobs, of New York City (Maxwell H. Goldstein, of New York City, of counsel), for defendant.

COXE, District Judge.

This is a motion by the defendant for judgment on the pleadings, or for summary judgment, dismissing the complaint. The action is in equity, and the ground of the motion is that the plaintiff has an adequate remedy at law. There is also a companion motion by the plaintiff for an order staying the defendant from further prosecution of an action brought by the defendant against the plaintiff in the Municipal Court of the City of New York.

The action in this court is by the plaintiff, an insurance company of the State of Maine, for the rescission of an accident and health insurance policy issued to the defendant and alleged to have been procured by misrepresentation and fraud. It also seeks to recover the sum of $27,800 heretofore paid to the defendant as monthly disability benefits under the policy. The action was commenced on January 28, 1943, and is now at issue.

The Municipal Court action is by the defendant to recover the sum of $125 representing a monthly disability payment alleged to have become due and payable under the policy on January 12, 1943. This action was commenced on the same day as the equity action, and is also at issue.

The policy which is the subject of both actions was issued by the plaintiff's predecessor on November 5, 1931, and provides for stated monthly benefit payments to the defendant in the event of his total disabil--

ity from accidental injury or disease. The defendant is the sole beneficiary named in the policy, and the policy contains no incontestability clause. In April, 1932, the defendant made a claim against the Insurance Company for monthly benefit payments on the ground that he was totally disabled from disease. This claim appears to have been allowed, and the monthly benefit payments commenced shortly thereafter. These payments continued until December 16, 1942, and have amounted in the aggregate to $27,800.

The complaint in the action in this court alleges that after all of the above mentioned payments to the defendant had been made the plaintiff discovered that in the application for the policy the defendant made various misrepresentations in answer to questions asked, which were knowingly and intentionally false, and were relied on by the Insurance Company. These alleged misrepresentations are set forth in detail in the pleading, and are denied by the defendant in his answer. In the answer of the Insurance Company (the present plaintiff) in the Municipal Court action, the allegations of the complaint in the action in this court are reproduced and appear as a defense.

On this showing, I do not think that the action in this court can be maintained; there are no exceptional circumstances necessitating the intervention of a court of equity. Equitable Life Assurance Society v. Kushman, 276 N.Y. 178, 11 N.E.2d 719; American Life Ins. Co. v. Stewart, 300 U.S. 203, 57 S.Ct. 377, 81 L. Ed. 605, 111 A.L.R. 1268; Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440; Di Giovanni v. Camden Ins. Ass'n, 296 U.S. 64, 56 S.Ct. 1, 80 L.Ed. 47. The plaintiff has an adequate remedy at law in the pending action in the Municipal Court; the fraud defense has been interposed there, and is fully available to the plaintiff. Enelow v. New York Life Ins. Co., supra, 293 U.S. page 385, 55 S.Ct. 310, 79 L.Ed. 440. It is true that the limited jurisdiction of the Municipal Court prevents the recovery of the benefit payments amounting to $27,800. That, however, is not a sufficient reason for sustaining equitable jurisdiction (cf. Di Giovanni v. Camden Ins. Ass'n, supra); for if the Insurance Company should succeed in the Municipal Court action, it could readily commence a new action to recover the benefit payments. Neither is it an answer

that the defendant might discontinue the Municipal Court action and thus jeopardize the fraud defense. This is purely speculative, but if by any chance the Municipal Court action should be discontinued, the fraud defense would still be open to the plaintiff when a later action was commenced. The suggestion that in the interval necessary witnesses might be lost is not persuasive. Home Life Ins. Co. v. Klein, Sup., 25 N.Y.2d 215.

The motion of the defendant for summary judgment dismissing the complaint is granted, and the companion motion of the plaintiff for an order staying prosecution of the Municipal Court action is denied.