EDWARD J. FITZGERALD et al., as Executors of ANNIE FITZGERALD, Deceased, Appellants, *v.* TITLE GUARANTEE AND TRUST COMPANY, Respondent.

Submitted January 5, 1943; decided April 22, 1943.

*Jacob W. Friedman* and *Theodore Berger* for appellants.

*Flynn L. Andrew* for respondent.

CONWAY, J.   This is an appeal by plaintiffs pursuant to leave of this court from a unanimous judgment of the Appellate Division, Second Department, affirming the judgment and order

of Special Term granting defendant's motion to dismiss the complaint on the ground that the action was barred by the Statute of Limitations.

The amended complaint alleges that the testatrix of plaintiffs agreed to purchase from defendant certain mortgage certificates; that the agreement was induced by false and fraudulent representations of itemized facts; that the representations were known to defendant to be false and were made with intent to deceive; that they were relied upon and acted upon to plaintiffs' damage; that by reason thereof the plaintiffs were entitled to rescind the purchase and that, upon discovery, the plaintiffs served notice of breach of warranty and of false and fraudulent representations and of their election to rescind the purchase and offered and tendered back the certificates together with a sum of money sufficient to cover all interest received by the plaintiffs or their decedent together with accrued interest thereon.

The motion for summary judgment is based entirely upon defendant's first affirmative defense, viz., that the action is barred by the Statute of Limitations.

The certificates were purchased on or about April 1, 1930. The action was commenced on July 9, 1940. It is defendant's claim that the six-year Statute of Limitations commenced to run from the date of the sale of the certificates.

Special Term, in granting the motion, pointed out that the action was one for money had and received and that the determinative date was that on which the purchase of the certificates was made. Permission was denied to plaintiffs to amend the complaint since the election of the plaintiffs to rescind, in 1937, was necessarily inconsistent with an action for damages for fraud based upon an affirmance of the contract. The Appellate Division affirmed Special Term upon the ground that the action was based upon an executed rescission and was barred by the statute (Civ. Prac. Act, § 48, subd. 1), but pointed out that the plaintiffs might not be barred from the commencement of a *new action* for fraud.

In New York, a party who entered into a contract induced by fraudulent representations had three remedies open to him. 1). He might rescind the contract and sue in an action at law to recover the consideration with which he had parted. To

maintain such action he was required to restore or offer to restore whatever he had received. 2). He might bring an action in equity to rescind the contract and in that action have full relief. (*Allerton* v. *Allerton*, 50 N. Y. 670.) That was an action *for* a rescission and it was sufficient for the plaintiff to offer in his complaint to return what he had received and make tender of it on the trial. (See also *Gould* v. *Cayuga County Nat. Bank*, 86 N. Y. 75, 83, 84.) 3.) He might retain what he had received and bring an action at law to recover the damages sustained. (*Reno* v. *Bull*, 226 N. Y. 546, 552, 553.)

In the instant case the plaintiffs elected the first remedy. When the action was commenced that remedy was barred by the six-year Statute of Limitations. (Civ. Prac. Act, § 48, subd. 1; *Hamill* v. *Title Guarantee & Trust Co.*, 260 App. Div. 873, leave to appeal denied, 285 N. Y. 857; *Steinert* v. *Title Guarantee & Trust Co.*, 258 App. Div. 927, affd. 283 N. Y. 636.) The cause of action pleaded had already been barred by the statute in 1937 when plaintiffs claim that the fraud was discovered. Thus at the time the action was brought the plaintiffs did not have three remedies among which to elect. That was clearly pointed out in *Schenck* v. *State Line Telephone Co.* (238 N. Y. 308, 311 [CARDOZO, J.]), where we said: " An election of remedies presupposes a right to elect * * *. It ' is simply what its name imports; a choice, shown by an overt act, between two inconsistent rights, either of which may be asserted at the will of the chooser alone ' * * *. If in truth there is but one remedy, and not a choice between two, a fruitless recourse to a remedy withheld does not bar recourse thereafter to the remedy allowed. As to this, there is nothing of uncertainty in the decisions in New York * * *.

" The plaintiff thought he had a remedy at law, and so thinking sued for damages. In truth he had no such remedy, for, irrespective of his knowledge of the fraud, his right of action for damages had been barred by lapse of time. The defendants have blocked his recourse to a remedy which he had not. They now say that because of his mistake, he must be held to have renounced forever the remedy he had. ' There would be no sense or principle in such a rule.' " In addition, the Legislature, upon the recommendation of the Law Revision Commission (see Law Revision Report, Legislative Document, 1941, No. 65),

changed the rule enunciated in *Weigel* v. *Cook* (237 N. Y. 136) by enacting Civil Practice Act, section 112-e by Laws of 1941, chapter 315, effective September 1, 1941. That section reads as follows: " § 112-e. Claim for damages and rescission not inconsistent; complete relief in one action. A claim for damages sustained as a result of fraud or misrepresentation in the inducement of a contract or other transaction, shall not be deemed inconsistent with a claim for rescission or based upon rescission. In an action for rescission or based upon rescission the aggrieved party shall be allowed to obtain complete relief in one action, including rescission, restitution of the benefits, if any, conferred by him as a result of the transaction, and damages to which he is entitled because of such fraud or misrepresentation; but such complete relief shall not include duplication of items of recovery."

The purpose of the amendment as outlined in the Law Revision Report was to enable an aggrieved party to obtain complete relief in a rescission action and to overcome the doctrine of election of remedies under which actions for or based upon rescission and those for damages based on fraud or misrepresentation in the inducement of a contract or other transaction were considered to be mutually exclusive.

Though we assume that the amendment, enacted subsequent to the entry of the judgment at Special Term, was not intended to apply to pending litigation and did not revive the plaintiffs' cause of action based on a rescission which had previously been barred by the Statute of Limitations (*Hopkins* v. *Lincoln Trust Co.*, 233 N. Y. 213; *Robinson* v. *Robins Dry Dock & Repair Co.*, 238 N. Y. 271), yet the amendment is a legislative recognition of the injustice which is bound to arise whenever an unfortunate attempt to elect one remedy for fraud confers upon the wrongdoer immunity, in whole or in part, from liability for damages caused by the wrong or permits the wrongdoer to retain the fruits of his wrong.

For these reasons it is plain that, at the time when the motion for summary judgment was granted, the allegations of the

complaint which we must assume are true, showed that the plaintiffs' intestate had been wronged by the defendant's fraud and that some remedy for the fraud was open to them even after they had mistakenly come into court upon a cause of action which in theory at least was based upon a wrong in which the alleged fraud was only an incident. The alleged fraud has at all times been the wrong for which the plaintiffs have sought a remedy. In such case, though the defendant was entitled to judgment dismissing the complaint as pleaded, the court should look behind the form of the remedy sought and should grant the plaintiffs leave to amend their complaint upon proper terms. Indeed the judge at Special Term indicated that he would have granted such leave if he had not believed that the bar of the statute or other obstacle would make it impossible for the plaintiffs to allege a cause of action which would withstand a motion to dismiss.

The question remains whether this court may do so though it agrees with the courts below that the cause of action pleaded should be dismissed. The Legislature has in explicit terms conferred upon the Court of Appeals the power, upon the decision of a point of law, to grant to the plaintiff leave to " plead anew or amend " (Civ. Prac. Act, § 283). That power is, of course, subject to the limitations placed by the Constitution of the State upon the jurisdiction of the court to review facts. Without transgressing those limitations this court can rarely grant leave to amend where it affirms a judgment dismissing the complaint and leave has been denied by the courts below. We think that here is one of the rare cases where that power may and should be exercised.

The judgment should be affirmed without costs and with leave to the plaintiffs to serve an amended complaint within twenty days.

LEHMAN, Ch J., LOUGHRAN, FINCH, RIPPEY, LEWIS and DESMOND, JJ., concur.

Judgment affirmed, etc.