## UNION MUT. LIFE INS. CO. v. FRIEDMAN.

### No. 89.

Circuit Court of Appeals, Second Circuit.

Jan. 7, 1944.

Albert Hirst, of New York City, for plaintiff-appellant.

Goldstein & Jacobs, of New York City, (Maxwell H. Goldstein, of New York City, of counsel), for defendant-appellee.

Before SWAN, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The plaintiff has succeeded to the rights and liabilities of the Massachusetts Accident Company. On November 5, 1931, that company issued to the defendant its noncancelable disability policy No. 628,443, by which it promised to pay him, during continuance of total disability from accidental injury or disease the sum of $250 per month. A copy of the application was annexed to the policy and became a part of the insurance contract. The liability of the plaintiff as successor to the Massachusetts Accident Company was fixed by an agreement made on or about February 23, 1940, which transferred the assets of the latter, including its choses in action, to the plaintiff.

About April 24, 1932, the defendant notified the Massachusetts Accident Company that he had become subject to a disease and filed with it a disability claim. The Massachusetts Accident Company and, after the agreement of transfer of February 23, 1940, the plaintiff as its successor, made disability payments to the defendant aggregating up to December 16, 1942, the sum of $27,800. After these payments were made the plaintiff says that it discovered that the insurance application contained various misrepresentations by the defendant in answer to questions asked of him, the falsity of which, had it been known to the insurer, would have led to a refusal to issue the policy.

After making the alleged discovery the plaintiff filed its complaint in the District Court for the Southern District of New York, setting forth the misrepresentations above referred to and demanding judgment

that the policy be rescinded and that there be granted to it a money judgment for $27,800 and interest, the amount of the benefits paid to the defendant, as a result of the alleged fraudulent misrepresentations. The defendant filed an answer denying the misrepresentations and pleading two separate statutes of limitations, a waiver, and that the plaintiff had an adequate remedy at law.

The defendant moved for judgment on the pleadings on the ground that the complaint did not state a claim in equity and for summary judgment dismissing the complaint pursuant to Rule 56, Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The moving affidavit averred that the defendant had brought an action in the Municipal Court of the City of New York to recover a monthly disability benefit of $125 which was alleged to be due and unpaid under the policy, the monthly indemnity whereof had been reduced after the agreement of transfer we have mentioned from $250 to $125 per month. The plaintiff also made a counter-motion on its part before the District Court to stay the defendant from further prosecuting its action against the plaintiff in the Municipal Court.

The District Court, 50 F.Supp. 278, held that there were no circumstances shown justifying resort by the plaintiff to a court of equity, but that it had an adequate remedy at law in the pending action in the Municipal Court, wherein it could interpose the defense of fraud even though, because of the limited jurisdiction of that court, it could not recover from the insured the benefits aggregating $27,800 alleged to have been paid by it as a result of the alleged misrepresentations. By such a course of reasoning the District Court granted a judgment dismissing the complaint in the case at bar and denying the motion for a stay of the action in the Municipal Court.

The plaintiff appeals (1) on the ground that the complaint should not have been dismissed for failure to state a case for equitable relief, since it, in any event, set forth a claim at law for the recovery of moneys obtained through fraud; (2) on the ground that it states a good claim for equitable relief and the plaintiff did not have an adequate remedy through the recovery of legal damages and was entitled to sue for a decree of rescission. We have no doubt that the appeal must be sustained on the first ground.

Neither under Rule 22 of the Equity Rules of November 4, 1912, nor under the present Rules of Civil Procedure could the complaint properly have been dismissed on the ground that it was brought on the wrong side of the court.

■ Under Equity Rule 22, 28 U.S.C.A. § 723 Appendix, it was provided that: "If at any time it appears that a suit commenced in equity should have been brought as an action on the law side of the court, it shall be forthwith transferred to the law side and be there proceeded with, only such alteration in the pleadings as shall be essential." In the case at bar the complaint stated a perfectly good claim at law and under Equity Rule 22 could have been proceeded with on the law side of the court. By Rule 2 of the Rules of Civil Procedure, which now governs, it is provided that "there shall be one form of action to be known as 'civil action.'" Under the present practice there is no longer a law side and an equity side of the court, but only a civil action in which all relief must be obtained that could formerly be secured either at law or in equity. Moore, Fed. Practice, Vol. 1, p. 108. Accordingly the complaint should stand.

■ The defendant argues that we ought not to hold that the complaint stated a claim at law because the question whether the pleading set forth a claim at law was not raised in the court below. We have nothing, however, but the assertion of the defendant in the argument of his counsel (an assertion which the plaintiff's counsel controverts) that this point was not made below. Moreover, irrespective of whether the question was raised below, we should not be justified in depriving the plaintiff of its right because it mistook the nature of its remedy. Cf. Hormel v. Helvering, 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037.

The final issue is whether the plaintiff is entitled to the equitable remedy of rescission. The question whether the plaintiff may invoke such a remedy is mainly important in determining whether the defendant has a right to a jury trial, if it shall hereafter appear that such right has not been waived. The plaintiff argues (1) that a person who has parted with consideration upon a contract induced by fraud has, as one of three remedies open to him, the right to sue in equity to rescind the contract and to get full relief in such a suit, and (2) that because recovery of

some of the disability benefits under the policy may be barred by the New York Statute of Limitations in an action at law, but not in an equitable suit for rescission, an equitable remedy should be allowed.

We think the above arguments must fail. Under both Federal and New York cases an insurer may not, in the absence of special circumstances, maintain an action for rescission upon the ground of false representations in the application for insurance, for the reason that the company may set up fraud in defense of any action brought on the policy and therefore has an adequate remedy at law. Enelow v. New York Life Ins. Co., 293 U. S. 379, 55 S.Ct. 310, 79 L.Ed. 440; Adamos v. New York Life Ins. Co., 293 U.S. 386, 55 S.Ct. 315, 79 L.Ed. 444; Federal Life Ins. v. Ettman, 8 Cir., 120 F.2d 837; Equitable Life Assurance Soc. v. Kushman, 276 N.Y. 178, 182, 11 N.E.2d 719; Home Life Ins. Co. v. Klein, Sup., 25 N.Y.S.2d 215, 217. Special circumstances which permit rescission have been thought to be the prospect of the running of an incontestability clause, American Life Ins. Co. v. Stewart, 300 U.S. 203, 57 S.Ct. 377, 81 L.Ed. 605, 111 A.L.R. 1268; multiplicity of suits, Jamerson v. Alliance Ins. Co. of Phila., 7 Cir., 87 F.2d 253; and a contingent liability upon an outstanding insurance contract, where an action at law would be inadequate because certain beneficiaries could only be made parties in equity. Equitable Life Assurance Society v. Kushman, supra; Terry v. New York Life Ins. Co., 8 Cir., 104 F.2d 498; Ruhlin v. New York Life Ins. Co., 3 Cir., 93 F.2d 416; Mutual Ben. Health & Accident Ass'n v. Fortenberry, 5 Cir., 98 F.2d 570. Although the disability payments in the instant case are continuing, there is no special circumstance which to our minds indicates the inadequacy of the legal remedy. The defendant is the sole beneficiary under the policy we are considering, so that the insurer may interpose any judgment it may secure either in the instant case or in the Municipal Court action, as a defense to any future claims of the defendant for disability payments. Cf. Federal Life Ins. Co. v. Ettman, 8 Cir., 120 F.2d 837; Equitable Life Assurance Soc. v. Kushman, supra, 276 N.Y. at page 183, 11 N.E.2d 719.

Even though recovery of some of the disability payments may be barred by the statute of limitations, if the action is at law, which would not be barred if an equitable remedy were allowed because of the rule that in equity the statute of limitations does not begin to run in respect to a claim based on fraud until after the fraud is discovered, [Cf. Fitzgerald v. Title Guarantee & Trust Co., 290 N.Y. 376, 49 N.E. 2d 489; Steinert v. Title Guarantee & Trust Co., 258 App.Div. 927, 16 N.Y.S. 2d 749, affirmed 283 N.Y. 636, 28 N.E.2d 36], that fact is not a special circumstance justifying the intervention of equitable remedies. Home Life Ins. v. Klein, supra, 25 N.Y.S.2d at page 217. This follows from the rule that where equitable and legal remedies are concurrent a litigant may not enlarge the time by electing to proceed in equity, but the limitation at law governs the court of equity. Clarke v. Boorman's Executors, 18 Wall. 493, 505, 85 U.S. 493, 505, 21 L.Ed. 904; Hanover Fire Ins. Co. v. Morse D. D. & R. Co., 270 N.Y. 86, 89, 200 N.E. 589; Keys v. Leopold, 241 N.Y. 189, 149 N.E. 828.

The judgment is reversed and the cause remanded with directions that it shall be prosecuted in accordance with the views expressed in this opinion.