### SHANESY v. FORD MOTOR CO.

No. 45C1528.

District Court, N. D. Illinois, E. D.
April 18, 1946.

Thomas C. McConnell, of Chicago, Ill., for plaintiff.

Andrew W. Gatenbey and Winston, Strawn & Shaw, all of Chicago, Ill., for defendant.

LA BUY, District Judge.

The complaint alleges a written contract between dealer and manufacturer regarding the sale and service of automobiles; that plaintiff advised defendant orally he would be forced to terminate the franchise agreements unless he were assured the agreements would be continued for a sufficient length of time after the end of the war to enable him to recoup the loss occasioned by stoppage of deliveries of new cars; that defendant advised plaintiff orally it was not its policy to terminate said agreements except for cause, said cause being a breach or violation of said agreements; that defendant thereupon assured plaintiff said agreements would not be terminated except for a breach by plaintiff. Thereafter it is alleged defendant served notice upon plaintiff purporting to terminate the agreement without any cause therefor contrary to the oral agreement. The prayer is for temporary injunction restraining defendant from terminating the agreements.

Defendant has filed a motion to strike the complaint for the reason it does not state a cause of action upon which relief may be granted because it attempts to vary, change or modify the terms of a written instrument; that requisite jurisdictional amount is lacking; that plaintiff has an adequate remedy at law; and that prayer for injunctive relief is moot since the agreements have been terminated.

The motion to strike seeks to raise questions ordinarily raised by a motion to dismiss and the court will treat the motion as a motion to dismiss. United States v. Fay & Son, D.C.Pa.1939, 31 F.Supp. 413.

The briefs of the litigants deal exclusively with the question of oral modification of the written contract. The general rule regarding written contracts is that in the absence of statutory provisions requiring a writing, such written contract may be modified by a subsequent oral agreement, notwithstanding agreements prohibiting alteration except in a particular manner. 13 C.J. 593; 17 C.J.S., Contracts, § 377, p. 865. Therefore, a cause of action may be pleaded on a written contract subsequently modified by oral agreement.

Defendant next asserts jurisdictional amount is lacking for plaintiff alleges the franchise right may be sold for a sum in excess of $3,000 when under the contract no assignment thereof may be made without the written consent of the defendant. The existence of the restriction against assignment does not render the contract valueless; the contract has value aside from that condition. The restriction is merely a term of the contract and cannot be construed by the court to deprive the contract of value. The rule in determining whether an action should be dismissed for want of jurisdictional amount is that the sum claimed by plaintiff controls if the claim is made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. Sparks v. England, 8 Cir., 113 F.2d 579. The court is of the opinion defendant's objection does not show that such an amount may not be recovered by plaintiff and holds the allegation of jurisdictional amount to be sufficient.

Defendant alleges plaintiff has an adequate remedy at law. Since the passage of the federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, an objection that plaintiff has an adequate remedy at law is no longer proper. Catanzaritti v. Bianco, D.C.Pa.1938, 25 F.Supp. 457; Grauman v. City Co. of New York, D.C.N.Y.1939, 31 F.Supp. 172; Kansas City, St. L. & C. R. Co. v. Alton R. Co., 7 Cir., 1941, 124 F.2d 780, 781; Union Mut. Life Ins. Co. v. Friedman, 2 Cir., 1944, 139

F.2d 542. It has been held the only time the question of legal or equitable pleading arises is when a jury demand is made. See Grauman case supra. The ultimate question presented, therefore, is whether or not plaintiff has stated a cause of action for any relief. As Judge Minton stated in Kansas City, St. L. & C. R. Co., v. Alton R. Co., supra [124 F.2d 783]:

" 'The question is not whether the plaintiff has asked for the proper remedy, but whether under his pleadings he is entitled to any remedy.' Catanzaritti v. Bianco, D. C., 25 F.Supp. 457.

"If the appellant has stated a cause of action for any relief, it is immaterial what he designates it or what he has asked for in his prayer; the court will grant him the relief to which he is entitled under the facts pleaded."

And in Union Mut. Life Ins. v. Friedman, supra [139 F.2d 544], the holding of the court is applicable herein: "In the case at bar the complaint stated a perfectly good claim at law and under Equity Rule 22 should have been proceeded with on the law side of the court. By Rule 2 of the Rules of Civil Procedure, which now governs it is provided that 'there shall be one form of action to be known as "civil action".' Under the present practice there is no longer a law side and an equity side of the court, but only a civil action in which all relief must be obtained that could formerly be secured either at law or in equity. Moore, Fed.Prac., Vol. 1, page 108. Accordingly the complaint should stand."

The last element of defendant's motion states the prayer for injunction is moot since the contracts have been terminated. The court cannot subscribe to this analysis for the reason that one of the issues presented by the complaint is that there has been no termination in accordance with the alleged oral modification.

For these reasons the court must deny defendant's motion.

An order not inconsistent with the court's ruling may be presented for entry and allowing defendant time in which to plead or answer.