In the Matter of the Arbitration between WRAP-VERTISER CORPORATION et al., Appellants, and ALVIN B. PLOTNICK, Respondent.

First Department, October 9, 1956.

*J. Leon Israel* for appellants.

*Samuel Brill* for respondent.

Cox, J. In this appeal from an order of Special Term denying a motion by petitioners-appellants to stay arbitration, appellants claim that Item 1 of the demand for arbitration does not come within the purview of the arbitration clause of the contract between the parties because it involves fraud and misrepresentation inducing the claimant to enter into the contract.

Subdivision c of paragraph 4 of the contract, providing for arbitration, requires that, if any question arises as to the " validity, interpretation or performance of this agreement," such question shall be settled by arbitration. The demand for arbitration embraced three items: (1) damages for breach of contract arising from fraud and misrepresentation inducing the claimant to enter into the contract; (2) damages for breach of contract resulting from failure to supply efficient and properly operating equipment; and (3) return of moneys prepaid by claimant.

The language of Item 1, inept, unskillful, and inartistic in form, nevertheless spells out the claimant's purpose of seeking damages arising out of breach of contract, not merely out of a precedent tort. However, any fault, hypothetical or true, in the language of the arbitration clause itself, must be ascribed to the petitioners since the contract was drawn by them on their own forms and is a product of their own creation. Moreover, while, if ripped from its context, the word " validity " would relate

only to the enforcibility of the contract, such rendering would be meaningless in this case. Obviously, parties cannot agree, in an invalid contract, to arbitrate the validity of the contract. What was meant, or otherwise we give the word no viable meaning, was that any conduct which might affect validity would be arbitrable so long as such conduct rendered the contract voidable only and not void, and the injured party sought (as he does here) to stand 'on the contract and yet recover damages for the wrongdoing. The issues based on breach of contract arose subsequent to the making of the contract and are related and referable to it. The affidavit in opposition to the motion describes the damages as resulting from purchases of supplies, a necessary refund to a subdealer, failure to make deliveries within the contract period, failure to obtain patents, unfitness for the intended purposes, and false testimonials.

Whether or not the damages resulted wholly from these breaches as the proximate cause, or in part from the fraudulent representations in inducing the respondent to enter into the contract as a remote cause, is a matter for the arbitrator to determine in assessing the amount of recovery, if any.

Section 112-e of the Civil Practice Act provides that "A claim for damages sustained as a result of fraud or misrepresentation in the inducement of a contract or other transaction, shall not be deemed inconsistent with a claim for rescission or based upon rescission. In an action for rescission or based upon rescission the aggrieved party shall be allowed to obtain complete relief in one action, including rescission, restitution of the benefits, if any, conferred by him as a result of the transaction, and damages to which he is entitled because of such fraud or misrepresentation; but such complete relief shall not include duplication of items of recovery."

This section changed the rule of *Weigel* v. *Cook* (237 N. Y. 136). Its purpose, as stated by the Court of Appeals in *Fitzgerald* v. *Title Guar. & Trust Co.* (290 N. Y. 376, 380) "was to enable an aggrieved party to obtain complete relief in a rescission action and to overcome the doctrine of election of remedies under which actions for or based upon rescission and those for damages based on fraud or misrepresentation in the inducement of a contract or other transaction were considered to be mutually exclusive." The cause of action therein arose prior to the enactment of section 112-e of the Civil Practice Act when "In New York, a party who entered into a contract induced by fraudulent representations had three remedies open to him. 1). He might rescind the contract and sue in an action at law to recover the consideration with which he had parted. * * * 2). He

might bring an action in equity to rescind the contract and in that action have full relief. \* \* \* 3). He might retain what he had received and bring an action at law to recover the damages sustained." (Pp. 378–379.) Now, under the new section, complete relief may be obtained in the one action. (Cf. 1941 Report of N. Y. Law Rev. Comm., pp. 283–288.)

Under this arbitration proceeding, the parties are not bound by strict rules of practice and evidence. "When parties agree to arbitrate, they agree to waive the rules of evidence and the inexorable application of substantive rules as well." (*Matter of Spectrum Fabrics Corp. [Main St. Fashions]*, 285 App. Div. 710, 714, affd. 309 N. Y. 709.) Arbitration is merely a substitute chosen by the parties in place of the usual legal forum. Respondent, initiating this proceeding, did not make any election of remedies but sought relief under the broad terms of the arbitration clause comprised within the contract. Since the enactment of section 112-e, he was not obligated to look for such relief under any particular one of the three methods specified in the *Fitzgerald* case. "The fact is that an agreement to arbitrate, as authorized by statute, is a contractual method for settling disputes in which the parties create their own forum \* \* \* and leave the issues to be determined \* \* \* [by] their self-chosen judges." (*Matter of Spectrum Fabrics Corp. [Main St. Fashions]*, *supra*, p. 715.)

Furthermore, irrespective of the claims asserted, they are related to the contract and to the prior course of dealings of the parties with reference to the contract. In this regard the second paragraph of section 1448 of the Civil Practice Act, concerning validity of arbitration contracts or submissions, is worthy of note. It is therein provided that "Such submissions or contract may include questions arising out of valuations, appraisals or *other* controversies which may be collateral, incidental, *precedent*, subsequent to or independent of any issue between the parties." (Emphasis supplied.) From the physical construction of the entire section 1448, it is manifest that the second paragraph is directed to the entire substance of the first paragraph and is not confined only to the matter immediately preceding it.

The only questions to be determined on the motion to stay arbitration are whether (1) there is a contract to arbitrate; (2) there is a refusal to arbitrate; and (3) there is an arbitrable dispute. (*Matter of Crosett [Mount Vernon Housing Auth.]*, 275 App. Div. 1051, motion for leave to appeal denied 276 App. Div. 848.) Under the broad and comprehensive terms of the arbitration clause, respondent was clearly entitled to obtain

relief through arbitration of all issues in this case. The motion for a stay, therefore, was properly denied.

The order should be affirmed.

BOTEIN, J. (dissenting). The contract between the parties contains the following relevant arbitration provisions: " c. If any question arises as to the validity, interpretation or performance of this agreement * * * such question shall be settled by arbitration ".

Respondent has filed a demand for arbitration of the following three items or claims:

" 1. Damages for breach of contract arising from fraud and misrepresentation inducing claimant to enter into contract.

" 2. Damages for breach of contract resulting from failure to supply efficient and properly operating equipment.

" 3. Return of moneys prepaid by the claimant."

Petitioners moved to stay any arbitration proceeding until Item 1 had been eliminated from the demand, and they appeal from the order denying their motion. I believe the disputed item should not survive the motion, as it does not come within the scope of the arbitration clause, limited as it is to only three aspects of the contract. It certainly raises no question as to the interpretation of the agreement. It cannot relate to performance of the contract, for although gilded with the phrase " damages for breach of contract ", the claim is clearly for prior deceit inducing the making of the contract. It is contended in the majority opinion that Item 1 embraces issues relating to breach of contract arising subsequent to the making of the contract. If so, it will overlap Item 2, since respondent asserts in his opposing affidavits that he seeks damages on the ground that the product proved " highly inefficient ".

Nor does Item 1 challenge the validity of the agreement — which is the third and remaining ground for arbitration. Respondent does not seek to rescind or destroy the contract. On the contrary, by asserting this claim in tort for fraudulent inducement of the contract, he affirms its validity (*Fitzgerald* v. *Title Guar. & Trust Co.*, 290 N. Y. 376). Under section 112-e of the Civil Practice Act, a claim for damages resulting from prior deceit inducing a contract is not inconsistent with a claim based upon rescission of the contract. Respondent could have, in the same demand, attempted to have his contract and also destroy it. He has elected to stand upon the contract. A court of law may accord to arbitration only such disputes as the parties themselves have agreed should be submitted. Item 1 does not spell out such a dispute. The order should be reversed, the

motion granted and the arbitration stayed until Item 1 has been eliminated from the demand.

BREITEL and RABIN, JJ., concur with Cox, J.; BOTEIN, J., dissents in opinion, in which PECK, P. J., concurs.

Order affirmed, with $20 costs and disbursements to the respondent.