Burke, J. (dissenting).
The contract prepared by the petitioners provides that if any question arises as to the validity, interpretation or performance of the contract, the question should be settled by arbitration. The respondent demanded arbitration for
Item 1, damages for breach of contract, arising from fraud and misrepresentation inducing the claimant to enter into the contract.
Item 2, damages for breach of contract resulting from failure to supply efficient and properly operating equipment.
Uem 3, return of moneys prepaid by the claimant.
*21 It is conceded that the respondent paid $6,000 when the agreement was executed for the purchase of supplies for distribution in reliance on representations made by the petitioner.
The petitioners now argue that the claim for damages for fraud and misrepresentation should be eliminated from the arbitration proceeding and tried separately because it does not come squarely within the contract provisions providing for arbitration. With this contention the majority has agreed. To so do, they concluded that despite the fact that this demand stated that it was for damages for “ breach of contract ” that no question of breach of contract was involved. Such a conclusion necessarily required a determination that this demand did not pertain to performance within the meaning of the contract. This, we think, is incorrect because the parties intended that all questions of interpretation and performance were to he decided by arbitration. The proof necessary to establish nonperformance of the contract, under the state of facts revealed by the petition, exhibits and affidavit, would also necessarily confirm all charges of misrepresentation.
Section 1448 of the Civil Practice Act concerning validity of arbitration contracts or submissions provides that “ Such submission or contract may include questions arising out of valuations, appraisals or other controversies which may be collateral, incidental, precedent, subsequent to or independent of any issue between the parties ” (emphasis supplied). The claims asserted here are related to the contract and to the prior course of dealings engaged in by the parties in connection with the contract. They are so interrelated that whether the conduct challenged occurred prior to or subsequent to the execution of the contract, the appraisal of the conduct is within the defined jurisdiction of the arbitrator.
The issue of fraud may not be separated from the other issues so that the fraud issues may be litigated while the other issues are left for arbitration unless the fraud claim is unrelated to the breach of the contract.
In this case the prepayment of the purchase price, the alleged misrepresentations, the alleged inefficiency of the product, its alleged unfitness for the intended purposes, the alleged failure of patent and alleged false testimonials, comprise a wholly related course of dealings embraced within the terms of the contract. Disputes concerning such engagements are the pre *22 eise questions which the parties had agreed should he submitted to arbitration.
If the respondent can establish a misrepresentation which induced him to enter into the contract, he has a right to recover the money paid and a right to damages for such fraud as well as the damages flowing from the subsequent breach of the contract (Fitzgerald v. Title Guar. & Trust Co. 290 N. Y. 376, 380; Civ. Prac. Act, § 112-e). As the Appellate Division states “ Obviously, parties cannot agree, in an invalid contract, to arbitrate the validity of the contract”. The term “validity” necessarily refers to conduct which renders the contract voidable, thus permitting the injured party to recover damages by way of arbitration in accordance with the contract for all claims related to the contract. Therefore the respondent is entitled to proceed to arbitration upon all items set forth in the demand therefor.
Accordingly, the order of the Appellate Division should be affirmed.
Conway, Ch. J., Desmond and Dye, JJ., concur with Van Voorhis, J.; Burke, J., dissents in an opinion in which Fuld and Froessel, JJ., concur.
Order of Appellate Division reversed, with costs in all courts, and matter remitted to Special Term for further proceedings in accordance with the opinion herein.