Harry PARK, Plaintiff-Appellant,

v.

DEALERS TRANSIT, INC., Defendant-Appellee.

No. 77–1967.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 23, 1978.

Decided Feb. 14, 1979.

---

Allan Hartsock, Rock Island, Ill., for plaintiff-appellant.

Robert T. Park, Rock Island, Ill., for defendant-appellee.

Before FAIRCHILD, Chief Judge, and SPRECHER and TONE, Circuit Judges.

FAIRCHILD, Chief Judge.

The issue in this appeal is whether a written contract can be modified by a subsequent oral agreement even though the original contract provides that it can only be modified in writing. Jurisdiction in this action is predicated on diversity of citizenship and it is undisputed that Illinois law governs.

## I

Plaintiff Harry Park entered into a written agreement with defendant Dealers Transit, Inc. under which plaintiff leased to defendant a truck owned by plaintiff. Defendant also hired plaintiff to drive the truck. The agreement provided that defendant was not obligated to provide any insurance for the protection of plaintiff's property. The agreement also provided that it could not be amended or altered except in writing.

Plaintiff alleged, however, that representatives of defendant subsequently agreed to an oral modification of the contract under which defendant agreed to secure a policy of collision insurance protecting plaintiff's truck. Plaintiff further alleged that, in reliance on this oral agreement, he allowed a policy of insurance then in effect to lapse.

On October 8, 1976, plaintiff was involved in an accident while driving his truck. The cost of repair totaled $16,285.15 plus towing charges. At the time of this incident, plaintiff had allowed his insurance coverage to lapse and defendant had not secured additional insurance coverage on the truck. Plaintiff then brought an action for breach of contract based on the alleged oral modification of the contract.

Defendant moved for summary judgment, and plaintiff filed an affidavit stating his version of the oral modification.

The district court held that no oral modification was possible as a matter of law where the contract stated that any modification had to be in writing and therefore granted defendant's motion for summary judgment. We reverse.

## II

The general rule in most jurisdictions is that parties to a written contract may alter or modify its terms by a subsequent oral agreement even though the contract precludes oral modifications:

> A written contract may be modified by the parties thereto in any manner they choose, notwithstanding agreements prohibiting its alteration, except in a particular manner. *So it is generally held that a contract stipulating that any modification must be in writing may nevertheless be modified verbally.* (Emphasis added.)

17A C.J.S. Contracts § 377. *See also* 17 Am.Jur.2d Contracts § 467:

> A person who has agreed that he will contract only by writing does not thereby preclude himself from making an oral bargain to change his agreement. There can be no more force in an agreement in writing not to agree by parol than in a parol agreement not to agree in writing, and every agreement of that kind is ended by the new one which contradicts it.

We have been unable to locate any Illinois state cases precisely on point.[1] One

---

1. For cases in other jurisdictions following the general rule, *see e. g., Canada v. Allstate Insurance Co.,* 411 F.2d 517 (5th Cir. 1969) (applying

Florida law); *Gramm v. Insurance Unlimited,* 141 Mont. 456, 378 P.2d 662. Under the Uniform Commercial Code, § 2–209(2), a written

federal case applying Illinois law has followed the general rule and stated that an oral agreement may modify a written contract despite a prohibition in the original contract against oral modifications. *Shanesy v. Ford Motor Co.,* 7 F.R.D. 199 (N.D.Ill. 1947). No Illinois cases, however, were cited by the court.

■ In the absence of any controlling authority, we hold that Illinois courts would follow the general rule and allow an oral modification of a written contract despite contractual prohibitions against such oral modification. It follows, therefore, that the district court erred in granting defendant's motion for summary judgment and holding as a matter of law that no oral modification was possible.

### III

■ Defendant also argues that summary judgment was appropriate because defendant's representatives lacked the authority to modify the contract entered into by defendant, a corporation. The problem with this argument, however, is that on this record the question of the scope of the agent's authority is also an issue of fact.

For the reasons stated above, the judgment appealed from is Reversed and the cause Remanded for further proceedings.

contract which excludes modification except by a signed writing cannot be modified by a subsequent oral agreement. The Comment to this subsection indicates it was intended to prohibit false allegations of oral modifications. While we are not without sympathy to this policy of the U.C.C., it is conceded by the parties that the U.C.C. provisions are not applicable in this case.